## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DANIEL JAMES SILVA

        Plaintiff,

v.                                    **Case No. 3:17-cv-292-HES-MCR**

TAYLOR ALISON SWIFT

        Defendant.

### DEFENDANT'S MOTION TO QUASH, OR MOTION TO DISMISS FOR INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS

Defendant, Taylor Swift ("Defendant" or "Ms. Swift"), who is appearing for the sole and limited purpose of filing this Motion, moves to Quash Plaintiff's Request/Motion for Summary Judgment and Memorandum of Law, or to Dismiss Plaintiff's Complaint for Insufficient Process and Insufficient Service of Process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).[1] In support of her Motion, Defendant states:

### INTRODUCTION

Plaintiff seeks a multi-million-dollar summary judgment where a summons has never been issued and service of process has never been achieved. There is no authority in any jurisdiction supporting Plaintiff's request. Indeed, the Motion for Summary Judgment and Memorandum of Law are as frivolous as the underlying lawsuit, and therefore this Motion must be granted.

---

[1] By filing this Motion, Defendant does not consent to jurisdiction in this Court and does not waive service under the Federal Rules of Civil Procedure. Ms. Swift specifically reserves all of her rights to contest jurisdiction or any other deficiency in Plaintiff's Complaint.

**ARGUMENT**

**I.   SUMMARY JUDGMENT IS INAPPROPRIATE AS MS. SWIFT HAS NOT BEEN SERVED**

Plaintiff's Motion for Summary Judgment and Memorandum of Law asks for essentially the same relief Plaintiff previously requested in his denied Motion for Default Judgment. *See* Dkts. 13, 16.  On May 17, this Court denied Plaintiff's Motion for Default Judgment recognizing that process must be properly served before a default may be entered. Dkt. 16; *see also, e.g.*, *Chivers v. Keen*, No. 2:12-cv-61, 2012 WL 4052070, at *1 (M.D. Fla. Sept. 13, 2012) (citation omitted) ("In order to obtain a Clerk's Default, the Plaintiff must show that the service of process was effectual upon the Defendant."); *RLI Ins. Co. v. Eagle Concrete Sys., Inc.*, No. 2:10-cv-574, 2011 WL 253634, at *1 (M.D. Fla. Jan. 25, 2011) (citing *Kelly v. Florida,* 233 Fed. App'x 883, 885 (11th Cir. 2007)) ("Before a clerk's default can be issued against the party the serving party must establish that defaulting party was properly served."); *see also Marshall v. Louisiana*, No. 15-cv-1128, 2015 WL 5599037, at *2 (E.D. La. Sept. 22, 2015) ("Service of process must be effective under the Federal Rules of Civil Procedure before a default judgment may be entered against a defendant."); *Farrell v. Fed. Nat'l Mortg. Ass'n*, No. 2:15-cv-20, 2015 WL 791121, at *2 (M.D. Fla. Feb. 25, 2015) (plaintiff's "failure to properly effectuate service preclude[d]" a finding of default). Similarly, process must be properly served before summary judgment may be entered. *See, e.g.*, *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Where service of process is insufficient, the court has no power to render judgment . . . ."); *Palacious v. Lienhard*, No. 15-cv-1683, 2015 WL 11571038, at *5 (N.D. Ga. Dec. 30, 2015) ("If a

defendant has not been properly served, the court lacks personal jurisdiction over the defendant and cannot review the merit of the claims against that defendant."); *Innomed Tech., Inc. v. Worldwide Med. Tech., Inc.*, 267 F. Supp. 2d 1171, 1173 (M.D. Fla. 2003) ("[A] court without personal jurisdiction is powerless to take further action.")  Defendant bears the burden of establishing the validity of service. *Reeves v. Wilbanks*, 542 Fed. App'x 742, 746 (11th Cir. 20130) (citation omitted); *Martinez v. Deutsche Bank Nat'l Trust Co.*, No. 5:11-cv-580, 2012 WL 162360, at *2 (M.D. Fla. Jan. 19, 2012) ("*Martinez I*") (stating that the "burden is on the plaintiff to show that process and service of process were both sufficient").

Service of process on an individual like Ms. Swift is governed by Federal Rule of Civil Procedure 4(e).  Meaning, Plaintiff must serve Ms. Swift by either (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"[2] or (2) delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

As this Court has already recognized and the docket shows, here, no summons has issued. *See* Dkt. 16.  Ms. Swift has not been served with the Complaint or Summons, and Plaintiff has not filed any valid return of service of process.  Despite specific direction from the Court in its May 17 Order, Plaintiff has still failed to comply with the service of process

---

[2] Service of process on an individual like Ms. Swift under Florida state law is governed by Florida Statute §§ 48.031 and 48.194.

3

requirements of Federal Rule of Civil Procedure 4. Because Plaintiff has not effected service on Ms. Swift, his Motion for Summary Judgment is undeniably premature and the Court has no power to grant it. *See In re Worldwide Web Sys.*, 328 F.3d at 1299; *Palacious*, 2015 WL 11571038, at *5. The Request/Motion for Summary Judgment should therefore be quashed or denied.

## II. BECAUSE THIS COURT LACKS JURISDICTION, PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

Further, because Plaintiff has not obtained a summons and has not properly served Ms. Swift with the Complaint or Summons, Plaintiff's Complaint should be dismissed for lack of jurisdiction. "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990); *see Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied."). Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court –on motion or on its own after notice to the plaintiff –must dismiss the action . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). An action may be dismissed for insufficient process under Rule 12(b)(4) or (b)(5) if the defendant is not served in accordance with Rule 4. *See Callaway v. Kitler*, No. 6:13-cv-1561, 2013 WL 6065759, at *1 (M.D. Fla. Nov. 18, 2013); *Martinez I*, 2012 WL 162360, at *2. "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

*Martinez v. Deutsche Bank* is instructive for resolving this Motion. There, a pro se plaintiff filed suit against a bank based on his dissatisfaction with a mortgage transaction. *Martinez I*, 2012 WL 162360, at *1; *Martinez v. Deutsche Bank Nat'l Trust Co.*, No. 5:11-cv-580, 2012 WL 140496, at *1 (M.D. Fla. Jan. 18, 2012) ("*Martinez II*"). Plaintiff purported to file proof of service of a partially filled out summons, alleging service on a representative of a party who was not a named defendant. *Martinez II*, 2012 WL 140496, at *1.[3] *Id.* After filing the proof of service, plaintiff filed a request for entry of default. *Id.* Counsel for defendant then made a limited appearance to oppose the request for default by filing a Motion to Quash the purported service of process, or in the alternative to dismiss under Rules 12(b)(4) and 12(b)(5) for insufficient process and insufficient service of process, on the grounds that no summons had been issued and the defendant had not been properly served. *Martinez I*, 2012 WL 162360, at *2. The Court granted plaintiff's motion under both subsections of Rule 12. *Id.* at *2, *3. First, the court found that the purported summons did not substantially comply with Rule 4 in that it was not directed at a named defendant, was not signed by the clerk, and did not bear the Court's seal. *Id.* at *3. Therefore, the court granted defendant's motion for insufficient process under Rule 12(b)(4). *Id.* Second, because the named-party defendant had not been served, the court also granted defendant's motion under Rule 12(b)(5) for insufficient service of process. *Id.*

The same result is warranted here. As explained above, Plaintiff has not obtained a Summons and has not effected service of process on Ms. Swift. Moreover, Plaintiff's Complaint was filed on March 13, 2017. The ninety day time limit for obtaining a summons

---

[3] The Court later found that no summons had ever issued from the Court. *Id.*

expired on June 12, 2017.  *See* Fed. R. Civ. P. 4(m).  Thus, Plaintiff's Complaint should be dismissed for insufficient process and insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5).

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment and Memorandum of Law must be quashed or denied and this Motion must be granted.

June 21, 2017                                                                       Respectfully Submitted,

/s/ *J. Douglas Baldridge*
J. Douglas Baldridge
Florida Bar Number: 0708070
Venable LLP
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4000
FAX: (202) 344-8300
E-mail: jdbaldridge@venable.com

*Attorney for Defendant Taylor Swift*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on June 21, 2017 a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system. A true and correct copy was also sent via U.S. mail to Daniel James Silva, 1760 Glen Laurel Drive, Middleburg, FL 32068.

/s/ *J. Douglas Baldridge*
J. Douglas Baldridge
